IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DENSON L. PAYTON, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) For Violations of the Fair Labor |
| STURDI-BUILDINGS INC., BRUCE LISLE, PAUL MCGUIRE, and NICHOLAS LISLE, | ) Standards Act of 1938, As Amended |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Denson L. Payton ("Plaintiff" or "Payton"), by and through his undersigned counsel, files this Complaint against Defendants Sturdi-Buildings Inc., Bruce Lisle, Paul McGuire, and Nicholas Lisle and, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Defendants which have deprived the named Plaintiff of his lawful wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA.  The Plaintiff has been employed by Defendants, working as a "Lot Sales Manager" for Defendants in and around Newnan, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate him for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

### III.  PARTIES

7. Plaintiff DENSON PAYTON resides in Byron, Georgia.  Payton was employed by the Defendants as a "Lot Sales Manager."  He worked for Defendants within this District.  Plaintiff worked solely within the State of Georgia.  Plaintiff's duties typically included maintaining the sales lot and showing models to prospective buyers.

8. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

9. Defendant STURDI-BUILDINGS, INC. is a corporation which conducts business within this State and District and maintains its principal place of business at 3755 Almond Rd., Fortson, GA 31808.  STURDI-BUILDINGS, INC. owns and operates a business specializing in providing portable buildings to the general public.

10. STURDI-BUILDINGS, INC. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Bruce Lisle, at 3755 Almond Road, Fortson, Georgia  31808.

11. Defendant BRUCE LISLE is an owner and an operator of STURDI-BUILDINGS, INC., and has actual and constructive control, oversight, and direction over the day-to-day operations of STURDI-BUILDINGS, INC., including, but not limited to, the compensation of STURDI-BUILDINGS, INC. employees and the hours those employees work.

12. Defendant PAUL MCGUIRE is an owner and an operator of STURDI-BUILDINGS, INC., and has actual and constructive control, oversight, and direction over the day-to-day operations of STURDI-BUILDINGS, INC., including, but not limited to, the compensation of STURDI-BUILDINGS, INC. employees and the hours those employees work.

13. Defendant NICHOLAS LISLE is an owner and an operator of STURDI-BUILDINGS, INC., and has actual and constructive control, oversight, and direction over the day-to-day operations of STURDI-BUILDINGS, INC., including, but not limited to, the compensation of STURDI-BUILDINGS, INC. employees and the hours those employees work.

14. At all times material to this action, Defendant STURDI-BUILDINGS, INC. was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA.  Defendant STURDI-BUILDINGS, INC. provides portable buildings to customers in and outside of Georgia. Defendant STURDI-BUILDINGS, INC. utilizes bank and credit accounts with entities which

transact business outside the State of Georgia. Defendant STURDI-BUILDINGS, INC. utilizes tools and materials manufactured outside the state of Georgia for the benefit of Defendant STURDI-BUILDINGS, INC.'s clients. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant STURDI-BUILDINGS, INC.'s business. At all times material to this action, Defendant STURDI-BUILDINGS, INC.'s has had an annual gross volume of business which exceeded $500,000.00 at all times material to this action.

15. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV. VIOLATIONS OF THE FLSA

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

17. Defendants employed Plaintiff as a lot manager in Newnan, Georgia.

18. Plaintiff was employed by Defendants from on or about July 8, 2016, and is currently employed by Defendants.

19. During each week of Plaintiff's employment with Defendants, Plaintiff worked at least 51 hours per week, but was not compensated at an overtime rate for any hours worked in excess of 40 during any particular week prior to

January 1, 2021. Specifically, Plaintiff worked between 9:00 a.m. through 6:00 p.m., Monday through Friday, and between 9:00 a.m. and 3:00 p.m. on Saturday.

20. Plaintiff did not receive any overtime compensation for hours worked in excess of forty during the following weeks applicable to this action: 8/20/18, 8/27/18, 9/3/18, 9/10/18, 9/17/18, 9/24/18, 10/1/18, 10/8/18, 8/15/18, 8/22/18, 8/29/18, 11/5/18, 11/12/18, 11/19/18, 11/26/18, 12/6/18, 12/10/18, 12/17/18, 12/24/18, 12/31/18, 1/7/19, 1/14/19, 1/21/19, 1/28/19, 2/4/19, 2/11/19, 2/18/19, 2/25/19, 3/4/19, 3/11/19, 3/18/19, 3/25/19, 4/1/19, 4/8/19, 4/15/19, 4/22/19, 4/29/19, 5/6/19, 5/13/19, 5/20/19, 5/27/19, 6/3/19, 6/10/19, 6/17/19, 6/24/19, 7/1/19, 7/8/19, 7/15/19, 7/22/19, 7/29/19, 8/5/19, 8/12/19, 8/19/19, 8/26/19, 9/2/19, 9/9/19, 9/16/19, 9/23/19, 9/30/19, 10/7/19, 10/14/19, 10/21/19, 10/28/19, 11/4/19, 11/11/19, 11/18/19, 11/25/19, 12/2/19, 12/9/19, 12/16/19, 12/23/19, 12/30/19, 1/6/20, 1/13/20, 1/20/20, 1/27/20, 2/3/20, 2/10/20, 2/17/20, 2/24/20, 3/2/20, 3/9/20, 3/16/20, 3/23/20, 3/30/20, 4/6/20, 4/13/20, 4/20/20, 4/27/20, 5/4/20, 5/11/20, 5/18/20, 5/25/20, 6/1/20, 6/8/20, 6/15/20, 6/22/20, 6/29/20, 7/6/20, 7/13/20, 7/20/20, 7/27/20, 8/3/20, 8/10/20, 8/17/20, 8/24/20, 8/31/20, 9/7/20, 9/14/20, 9/21/20, 9/28/20, 10/5/20,

10/12/20, 10/19/20, 10/26/20, 11/2/20, 11/9/20, 11/16/20, 11/23/20, 11/30/20, 12/7/20, 12/14/20, and 12/21/20[1].

21. Plaintiff seeks unpaid overtime compensation for at least 11 hours per week at his normal hourly rate of seventeen dollars and zero cents ($17.00) per hour. Specifically, Plaintiff seeks no less than eleven thousand five hundred dollars and fifty cents ($11,500.50) (11 [hours] X $17.00 [per hour] X 0.5 [overtime rate] X 123 [weeks]) in unpaid overtime compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of twenty-three thousand one dollars and zero cents ($23,001.00), plus attorney's fees and costs.

## COUNT II – Violations of the minimum wage and overtime provisions of the FLSA

22. Plaintiff regularly worked at least one and two hours in excess of 51 hours per week, for which he was paid nothing. Specifically, Plaintiff did not receive any compensation for hours worked in excess of 51 during the following weeks applicable to this action: 8/20/18, 8/27/18, 9/3/18, 9/10/18, 9/17/18, 9/24/18, 10/1/18, 10/8/18, 8/15/18, 8/22/18, 8/29/18, 11/5/18, 11/12/18, 11/19/18, 11/26/18, 12/6/18, 12/10/18, 12/17/18, 12/24/18, 12/31/18, 1/7/19, 1/14/19, 1/21/19, 1/28/19, 2/4/19, 2/11/19, 2/18/19, 2/25/19, 3/4/19, 3/11/19,

---

[1] On or about January 1, 2021, Defendants changed Plaintiff from a salaried employee to an hourly employee receiving overtime compensation.

3/18/19, 3/25/19, 4/1/19, 4/8/19, 4/15/19, 4/22/19, 4/29/19, 5/6/19, 5/13/19, 5/20/19, 5/27/19, 6/3/19, 6/10/19, 6/17/19, 6/24/19, 7/1/19, 7/8/19, 7/15/19, 7/22/19, 7/29/19, 8/5/19, 8/12/19, 8/19/19, 8/26/19, 9/2/19, 9/9/19, 9/16/19, 9/23/19, 9/30/19, 10/7/19, 10/14/19, 10/21/19, 10/28/19, 11/4/19, 11/11/19, 11/18/19, 11/25/19, 12/2/19, 12/9/19, 12/16/19, 12/23/19, 12/30/19, 1/6/20, 1/13/20, 1/20/20, 1/27/20, 2/3/20, 2/10/20, 2/17/20, 2/24/20, 3/2/20, 3/9/20, 3/16/20, 3/23/20, 3/30/20, 4/6/20, 4/13/20, 4/20/20, 4/27/20, 5/4/20, 5/11/20, 5/18/20, 5/25/20, 6/1/20, 6/8/20, 6/15/20, 6/22/20, 6/29/20, 7/6/20, 7/13/20, 7/20/20, 7/27/20, 8/3/20, 8/10/20, 8/17/20, 8/24/20, 8/31/20, 9/7/20, 9/14/20, 9/21/20, 9/28/20, 10/5/20, 10/12/20, 10/19/20, 10/26/20, 11/2/20, 11/9/20, 11/16/20, 11/23/20, 11/30/20, 12/7/20, 12/14/20, and 12/21/20.

23. Plaintiff seeks unpaid overtime compensation for at least 1.5 hours per week at his normal hourly rate of seventeen dollars and zero cents ($17.00) per hour. Specifically, Plaintiff seeks no less than four thousand seven hundred four dollars and seventy-five cents ($4,704.75) (1.5 [hours] X $17.00 [per hour] X 1.5 [overtime rate] X 123 [weeks]) in unpaid overtime compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of twenty-three thousand one dollars and zero cents ($9,409.50), plus attorney's fees and costs.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime compensation due which the Defendants unlawfully used instead as working capital of the business.

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 24th day of August, 2021.

/s/ Tyler B. Kaspers
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff